**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

Glen S. Babich *and* Norma S. Babich,

     *Plaintiffs,*

v.            No. 1:21-cv-689

TEMP TRANS, CORPORATION, a California
Corporation, *And* Ignacio Rodriguez, an individual,

     *Defendants.*

**ORIGINAL COMPLAINT TO RECOVER**
**DAMAGES FOR PERSONAL INJURIES AND NEGLIGENCE**

  COME NOW the plaintiffs Glen S. Babich, individually, and Norma S. Babich, individually, by and through the undersigned attorneys, who file their Original Complaint against TEMP TRANS, CORPORATION, in its own corporate capacity, and Ignacio Rodriguez, an individual ("Defendants") and complain and allege as follows:

**THE PARTIES**

  1.  Plaintiff **Glen S. Babich** is a resident of St. Clair County, Illinois.

  2.  Plaintiff **Norma S. Babich** is a resident of St. Clair County, Illinois.

  3.  Defendant **TEMP TRANS, CORPORATION ("TEMP TRANS")**, based on information and belief, is a trucking company and motor carrier incorporated in the State of California and doing business throughout the State of New Mexico. Defendant **TEMP TRANS** is a California corporation without a registered agent for service of process in New Mexico.  Upon information and belief, service can be perfected on **TEMP TRANS**, through summons on its registered agent for service of process in California, InCorp Services, Inc., 5716 Corsa Ave., Suite 110, Westlake Village, California 91362-7354 and/or wherever it may be found.

4.      Defendant **Ignacio Rodriguez** (**"Rodriguez"**) based on information and belief, is an individual residing in Cudahy, California. Upon information and belief, service can be perfected on **Rodriguez** through summons at his place of residence, 7529 Wilcox Ave., Cudahy, California 90201-0000 and/or wherever he may be found.

## JURISDICTION AND VENUE

5.      This Court has personal jurisdiction over Defendants because (i) the incident underlying this lawsuit occurred in the State of New Mexico, (ii) Defendants made purposeful use of the roads and highways within and through the State of New Mexico, and (iii) Defendants conduct substantial transportation in New Mexico.  Defendant **TEMP TRANS** routinely sends drivers such as **Rodriguez** carrying freight through the State of New Mexico. Both Defendants committed egregious acts and torts in and which directly affected the State of New Mexico. Both Defendants' contacts are so continuous and systematic that they render Defendants essentially "at home" in New Mexico. That is, Defendants transact sufficient business, including the operation of tractor-trailers, in and through the State of New Mexico so as to be hauled into court here.  NMSA 1978, § 38-1-16(A)(1), (3) (1971).

6.      This Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. § 1332 because the parties are completely diverse and the amount in controversy exceeds $75,000, exclusive of interest and costs.

7.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because all activities alleged herein occurred in Quay County, New Mexico.

**RELEVANT FACTS**

8.      On or about October 28, 2018, plaintiff **Glen S. Babich** was operating a 2017 Ford SUV eastbound on Interstate 40 in Quay County, New Mexico with plaintiff **Norma S. Babich** as his back-seat passenger.  At all times material, **Glen S. Babich** was operating the Ford SUV in a safe, reasonable and prudent manner.

9.      At the same time, Defendant **Rodriguez** was driving a tractor-trailer unit (also referred to as "**TEMP TRANS tractor-trailer**") eastbound on Interstate 40 when, suddenly and without warning, **Rodriguez** operated, caused and allowed the **TEMP TRANS tractor-trailer** he was operating to travel left of center and enter the travel lane occupied by the Ford SUV being operated by **Glen S. Babich,** causing a collision. This collision occurred in the eastbound passing lane of Interstate 40 and caused serious and painful permanent injuries and damages to plaintiff **Glen S. Babich** and plaintiff **Norma S. Babich** as their vehicle rolled multiple times before coming to rest on its roof. Upon information and belief, at the time of the incident, defendant **Rodriguez** was operating the tractor-trailer in the course and scope of his employment with defendant **TEMP TRANS**.  Plaintiffs hereby invoke the legal doctrines of vicarious liability and *respondeat superior*, thus making defendant **TEMP TRANS** legally responsible and liable for the negligent and otherwise wrongful acts and omissions of defendant **Rodriguez.**

10.     Upon information and belief, at the time of the incident, defendant **TEMP TRANS**, was a motor carrier registered and authorized to transport goods and materials interstate and pursuant to the rules and regulations of the United States Department of Transportation and the Federal Motor Carrier Safety Administration.  At all times material, Defendant **Rodriguez** was operating the tractor-trailer under this authority.  As such, defendant **Rodriguez** was acting as the 'statutory employee' of defendant **TEMP TRANS** as the term "statutory employee" is used and

applied at law and pursuant to the rules and regulations of the United States Department of Transportation and the Federal Motor Carrier Safety Administration.

11.     At all times material, defendant **TEMP TRANS** owned or controlled both the tractor and trailer being operated by defendant **Rodriguez**.  As such, Defendant **TEMP TRANS** was responsible for, and had the legal duty to use ordinary care regarding, the condition, upkeep, maintenance, servicing and repair of the tractor and trailer.   Defendant **TEMP TRANS** additionally had the legal duty to follow any and all rules and regulations of the United States Department of Transportation and the Federal Motor Carrier Safety Administration regarding the condition, upkeep, maintenance, servicing and repair of said tractor and trailer.  Defendant **TEMP TRANS** failed to exercise ordinary and reasonable care regarding the condition, upkeep, maintenance, servicing and repair of said tractor and trailer and, further, failed to follow any and all rules and regulations of the United States Department of Transportation and the Federal Motor Carrier Safety Administration regarding the condition, upkeep, maintenance, servicing and repair of said tractor and trailer.

12.     In addition to defendant **Rodriguez's** negligent, careless and reckless driving, **Rodriguez** was operating the TEMP TRANS tractor-trailer at a time when he was fatigued, impaired and otherwise unable, due to his physical and mental condition, to safely operate the tractor-trailer.   **Rodriguez's** fatigue, impairment and physical and mental condition allowed, led to, and caused the **TEMP TRANS tractor-trailer** being driven by **Rodriguez** to travel left of center and enter the travel lane occupied by the Ford SUV being operated by **Glen S. Babich,** causing a collision. Pleading further, defendant **TEMP TRANS** knew, or in the exercise of ordinary and reasonable care should have known, of **Rodriguez's** fatigue, impairment and physical and mental condition before entrusting the **TEMP TRANS tractor-trailer** to **Rodriguez**.

13.     Upon information and belief, defendant **Rodriguez** was neither fit nor qualified to operate the tractor-trailer unit and had demonstrated same before the date of the subject collision. At the time of the crash and before, defendant **TEMP TRANS** knew, or in the exercise of ordinary and reasonable care should have known, that defendant **Rodriguez** was neither fit nor qualified to operate the tractor-trailer unit.  In addition, defendant **TEMP TRANS** failed to implement and follow the rules and regulations of the United States Department of Transportation and the Federal Motor Carrier Safety Administration regarding the selection, hiring and qualification of a commercial motor vehicle driver, including defendant **Rodriguez**.

14.     Defendant **TEMP TRANS** further failed to provide and implement sufficiently supervision, training and auditing of defendant **Rodriguez**  Further, defendan**t TEMP TRANS** failed to implement and follow the rules and regulations of the United States Department of Transportation and the Federal Motor Carrier Safety Administration regarding the supervision, training and auditing of commercial motor vehicle driver, including defendant **Rodriguez**.

15.     To be clear, and as a direct and proximate result of defendants' negligent, careless and reckless acts and omissions, plaintiffs **Glen S. Babich** and **Norma S. Babich** suffered the severe injuries, damages and losses as set forth herein.

## COUNT 1 – NEGLIGENCE
### (As Against All Defendants)

16.     Plaintiffs hereby re-allege and incorporate by reference each and every preceding paragraph as though fully set forth herein.

17.     At all relevant times, defendant **Rodriguez** had a duty to exercise reasonable care in operating the **TEMP TRANS tractor-trailer**, including but not limited to keeping a lookout for vehicles, controlling the speed and movement of the vehicle, maintaining a safe and single lane of traffic, failing to pay adequate attention to the task of safely driving and operating the **TEMP**

**TRANS tractor-trailer**, failing to control the vehicle, driving while distracted, fatigued and/or impaired, and in driving and controlling the **TEMP TRANS tractor-trailer** so as to create and pose a danger to people and property .  **Rodriguez** failed with respect to each and all of these duties and such acts and omissions, singularly and jointly, constitute negligence so as to be a cause of the collision made the basis of the lawsuit and the resulting injuries, death and damages alleged herein.

18.     Defendants, and each of them, had a further duty to own, operate, entrust, manage, control, service, repair, inspect, and/or maintain the **TEMP TRANS tractor-trailer** with the ordinary care and skill necessary to avoid causing harm and/or injury to others such as plaintiffs **Glen S. Babich** and **Norma S. Babich**.  Defendants failed with respect to each and of these duties and such acts and omissions, singularly and jointly, constitute negligence so as to be a cause of the collision made the basis of the lawsuit and the resulting injuries, death and damages alleged herein.

19.     All of the above under this Count constitute negligence on the part of defendants and was a legal and cause of the collision made the basis of this lawsuit.

### COUNT 2 – NEGLIGENT HIRING, RETENTION, QUALIFICATION, ENTRUSTMENT, TRAINING  AND SUPERVISION
#### (Direct Liability As Against Defendant TEMP TRANS)

20.     Plaintiffs hereby re-allege and incorporate by reference each and every preceding paragraph as though fully set forth herein.

21.     At all times herein alleged and upon information and belief, defendant **Rodriguez** was the agent, employee and/or statutory employee of defendant **TEMP TRANS**, and in doing the things alleged herein, those defendants were acting within the course and scope of such a relationship(s) at all times material hereto.

22.     In addition to its liability under the theories of *respondeat superior* and vicarious liability, defendant **TEMP TRANS** is directly liable for its own negligence as such negligence led to and was a legal and cause of the collision made the basis of this lawsuit.

23.     Defendant **TEMP TRANS** is a common carrier and is registered as such with the United States Department of Transportation and the Federal Motor Carrier Safety Administration. As such, this defendant has certain duties and obligation which it must perform by exercising reasonable and ordinary care. This duty is one that defendant **TEMP TRANS** owed to plaintiffs, the New Mexico public at large, and to all users on or upon our public roads and highways.  This includes, in addition to others listed herein, the duty not to entrust a vehicle to an employee that said employer knew, or reasonably should have known, was (potentially) dangerous to other users and drivers of the public roads and highways.  Defendant **TEMP TRANS** did just that: negligently entrusted a vehicle to a potentially dangerous driver (defendant **Rodriguez**) when **TEMP TRANS** knew, or reasonably should have known, of such condition.

24.     As such, defendant **TEMP TRANS**, is legally required to run its business and make use of its property in a reasonable manner using the due care, skill, and expertise as would an ordinary person so as to not cause foreseeable and unreasonable risks of harm to others.  In this regard, defendant **TEMP TRANS** is responsible for the hiring, retention, qualification, retention, supervision and training of employees to assure the proper execution of the duties of an over-the-road truck driver.  Defendant **TEMP TRANS** wholly and utterly failed to so exercise ordinary or reasonable care in the discharge of these duties with respect to Defendant **Rodriguez**.  Such failure was a direct and cause of the collision made the basis of this lawsuit.

25.     Defendant **Rodriguez** was an unsafe, reckless and/or incompetent driver at the time he was first hired to drive and operate commercial motor vehicles for or on behalf of **TEMP**

**TRANS**.  Defendant **TEMP TRANS** knew or, in the exercise or reasonable or ordinary care, should have known of such.  By allowing defendant **Rodriguez** to operate commercial motor vehicles such as the **TEMP TRANS tractor-trailer**, a crash such as the one herein was a foregone conclusion and, certainly, was reasonably foreseeable to defendant, **TEMP TRANS**.  As such, defendant **TEMP TRANS** was negligent in its hiring of Defendant **Rodriguez**, such negligence being a direct and cause of the collision made the basis of this lawsuit.

26.     Defendant **Rodriguez** remained an unsafe, reckless and/or incompetent driver during the time after he was first hired to drive and operate commercial motor vehicles for or on behalf of **TEMP TRANS**.  Defendant **Rodriguez's** unsafe, reckless and/or incompetent conduct continued and worsened and defendant **TEMP TRANS** knew or, in the exercise or reasonable or ordinary care, should have known of such.  By allowing defendant **Rodriguez** to continue to operate commercial motor vehicles such as the **TEMP TRANS tractor-trailer**, a crash such as the one herein was a foregone conclusion and, certainly, was reasonably foreseeable to defendant, **TEMP TRANS**.  As such, defendant **TEMP TRANS** was negligent in its retention of defendant **Rodriguez**, such negligence being a direct and cause of the collision made the basis of this lawsuit.

27.     A commercial motor carrier such as defendant **TEMP TRANS** is required, both as a matter of exercising reasonable or ordinary care and as required by the rules and regulations of the United States Department of Transportation and the Federal Motor Carrier Safety Administration, to qualify any person (including Defendant **Rodriguez**) who is hired to operate a commercial motor vehicle such as the **TEMP TRANS tractor-trailer**.  Defendant **Rodriguez** was unqualified to so operate such vehicles and, further, defendan**t TEMP TRANS** (i) failed to properly and legally qualify defendant **Rodriguez** as such a driver and (ii) ignored the information it did obtain in its meager efforts to qualify defendant **Rodriguez**.  By allowing an unqualified or

improperly qualified driver such as defendant **Rodriguez** to be operate commercial motor vehicles, a crash such as the one herein was a foregone conclusion and, certainly, was reasonably foreseeable to defendant, **TEMP TRANS**.  As such, defendant **TEMP TRANS** was negligent in its qualification of defendant **Rodriguez**, such negligence being a direct and cause of the collision made the basis of this lawsuit

28.     A commercial motor carrier such as defendant **TEMP TRANS** is required, both as a matter of exercising reasonable or ordinary care and as required by the rules and regulations of the United States Department of Transportation and the Federal Motor Carrier Safety Administration, to properly train and supervise any person (including Defendant **Rodriguez**) who is hired to operate a commercial motor vehicle such as the **TEMP TRANS tractor-trailer**. Defendant **Rodriguez** was neither properly trained or supervised, nor was Defendant **Rodriguez** trained or supervised as would as person exercising reasonable or ordinary care would have done. By allowing an untrained or improperly supervised driver such as Defendant **Rodriguez** to be operate commercial motor vehicles, a crash such as the one herein was a foregone conclusion and, certainly, was reasonably foreseeable to Defendant, **TEMP TRANS**.  As such, Defendant **TEMP TRANS** was negligent in its qualification of Defendant **Rodriguez**, said negligence being a direct and cause of the collision made the basis of this lawsuit.

29.     In addition, Defendant **TEMP TRANS** failed to implement appropriate internal rules or regulations regarding the hiring, retention, qualification, training and supervision of drivers including Defendant **Rodriguez**.  Those rules that Defendant **TEMP TRANS** did implement were inadequate, ignored or otherwise not followed.  By not implementing or following adequate, safe and reasonable internal rules regarding the hiring, retention, qualification, training and supervision of drivers, a crash such as the one herein was a foregone conclusion and, certainly,

was reasonably foreseeable to Defendant, **TEMP TRANS**.  As such, Defendant **TEMP TRANS** was negligent in the implementing or following of said rules, said negligence being a direct and cause of the collision made the basis of this lawsuit.

30.     All of the above as set forth under this Count constitutes negligence, jointly and singularly, on the part of Defendant **TEMP TRANS** and was a legal and cause of the collision made the basis of this lawsuit.

**COUNT 3 – NEGLIGENCE *PER SE***
**(As Against All Defendants)**

33.     Plaintiffs hereby re-allege and incorporate by reference each and every preceding paragraph as though fully set forth herein.

34.     At all relevant times, defendants **TEMP TRANS** and **Rodriguez** were obligated to comply with the laws, rules and regulations, and safety requirements established by federal and state statutes, regulations, rules and other requirements, including but not limited to the rules, regulations and requirements of the Department of Transportation, the Federal Motor Carrier Safety Administration, the National Highway and Traffic Safety Administration, the National Transportation Safety Board, the Office of Highway Safety and other regulatory agencies.

35.     Such statutes, regulations, rules, and other requirements have been promulgated for the safety and benefit of the public at large, including plaintiffs **Glen S. Babich** and **Norma S. Babich,** as well as the rest of the New Mexico motoring public.

36.     The injuries, damages and losses made the basis of this lawsuit were the type of injuries, damages and losses that such statutes, rules, regulations and other requirements were designed to prevent.  Defendants violated such statutes, rules, regulations and other requirements so as to render them negligent per se.  Such violations were a legal and cause of the collision made the basis of this lawsuit.

37.     At the time of the subject incident, there were in force and effect Federal Motor Carrier Safety Act regulations that have been violated including but not limited to:

    a.  FMCSR 392.2 (applicable operating rules);

    b.  FMCSR 392.3 (ill or fatigued operators);

    c.  FMCSR 392.4 (drugs and other substances);

    d.  FMCSR 392.6 (schedules to conform to speed limits);

    e.  FMCSR 392.7 (equipment, inspection and use);

    f.  FMCSR 395.3 (maximum driving time);

    g.  FMCSR 395.8 (record of duty status);

    h.  FMCSR 391.1-.53 (qualification of drivers; background and character; testing; physical qualifications and examinations; files and records);

    i.  FMCSR 383.110-.113; .117 (required knowledge, skills and endorsements);

    j.  FMCSR 383.31-.35 (notification of driver violation convictions, license suspensions and previous employment; employer responsibilities); and

    k.  Any additional regulations or statutes that are revealed as violated during discovery as this case progresses.

Defendants violated such rules, regulations and other requirements so as to render them negligent *per se*.  Even if such violations are such so as to not render defendants negligent *per se*, the violation of such rules, regulations and other requirements does constitute a failure to use ordinary and reasonable care so as to make defendants negligent.  Regardless, such violations were a legal cause of the collision made the basis of this lawsuit.

38.     At the time of the subject incident, there were certain New Mexico State statutes in force and effect that have been violated, including but not limited to:

    a.  66-7-301(b)(1) NMSA (1978) – requiring that in every event speed should be so controlled by the driver as may be necessary to avoid colliding with any person;

    b.  66-7-301(b)(2) NMSA (1978) – requiring that in every event speed shall be so controlled by the driver as may be necessary to comply with legal requirements as may be established by the State and Highway and Transportation Department or the New Mexico State Police Division of the Department of Public Safety

and the duty of all persons to use due care;

   c.   66-8-113 NMSA (1978) – reckless driving;

   d.   66-8-114 NMSA (1978) – careless driving;

   e.   66-7-337 NMSA (1978) – drivers to exercise due care;

   f.   65-3-11 NMSA (1978)—hours of service of drivers which includes but shall not be limited to maximum driving and on duty time, travel time, maintenance of a driver's log or record of duty status;

   g.   65-3-7 NMSA (1978) – qualifications of drivers;

   h.   65-3-8 NMSA (1978) – equipment; loading; driving; unsafe practices;

   i.   65-3-9 NMSA (1978) – commercial motor vehicles; equipment; regulations; and

   j.   Any additional regulations or statutes that are revealed as violated during discovery as this case progresses.

Defendants violated such rules, regulations and other requirements so as to render them negligent *per se*.  Even if such violations are such so as to not render defendants negligent *per se*, the violation of such rules, regulations and other requirements does constitute a failure to use ordinary and reasonable care so as to make Defendants negligent.  Regardless, such violations were a legal and cause of the collision made the basis of this lawsuit.

## DAMAGES – PERSONAL INJURIES OF GLEN S. BABICH

    49.    Plaintiffs hereby re-allege and incorporate by reference each and every preceding paragraph as though fully set forth herein.

    50.    As a further direct and proximate result of defendants' negligence, plaintiff **Glen S. Babich**, immediately prior to the collision, observed the **TEMP TRANS tractor-trailer** and recognized the severity of the impending collision.  This produced in **Glen S. Babich** a terror of impending severe injury or death so as to produce legally cognizable and recoverable mental anguish.  Upon collision, **Glen S. Babich** then sustained blunt force trauma to his head and body, producing severe personal injuries.  His injuries include, but are not limited to, a concussion with

loss of consciousness; a head or brain injury with cognitive impairment; vestibular disturbance; loss of peripheral vision; a neck injury; a low back injury; and multiple lacerations, contusions, and soft tissue injuries.

51.     Plaintiff **Glen S. Babich** remains under the care of physicians for all of the above-listed, and other, injuries.  It is anticipated that **Glen S. Babich** will continue to require, on an ongoing and permanent basis, medical care and attention.

52.     **Glen S. Babich's** ability to work has been impaired and it is anticipated that this impairment will continue over the span of his work life expectancy.

53.     In addition to his physical pain and suffering and mental anguish caused by the defendants' negligence, three (3) service dogs owned by **Glen S. Babich** perished in this crash.

54.     As a result, Plaintiff **Glen S. Babich** is entitled to recover, as his actual damages, the following elements of damages:

      a.     Reasonable and necessary medical and health care-related expenses sustained in the past and which, in reasonable probability, he will sustain in the future;

      b.     Loss or impairment of earnings and/or earning capacity sustained in the past and which, in reasonable probability, he will sustain in the future;

      c.     Other reasonable and necessary expenses sustained in the past and which, in reasonable probability, he will sustain in the future;

      d.     Physical pain and suffering sustained in the past and which, in reasonable probability, he will sustain in the future;

      e.     Mental anguish, pain and suffering sustained in the past and which, in reasonable probability, he will sustain in the future;

      f.     Physical impairment sustained in the past and which, in reasonable probability, he will sustain in the future;

      g.     Loss of enjoyment of life sustained in the past and which, in reasonable probability, he will sustain in the future;

      h.     Physical disfigurement sustained in the past and which, in reasonable probability, he will sustain in the future; and

      i.     The reasonable value of the three (3) service dogs that perished in this crash.

These injuries, damages and losses were brought to occur and were caused by the negligence of defendants.  Although the amount of damages to be awarded for the damages listed above is a

matter lying within the sound discretion of the Jury, your plaintiff would show that this amount meets and greatly exceeds this Court's jurisdictional limits.

### DAMAGES – PERSONAL INJURIES OF NORMA S. BABICH

55.     Plaintiffs hereby re-allege and incorporate by reference each and every preceding paragraph as though fully set forth herein.

56.     As a direct and proximate result of defendants' negligence which caused this collision, plaintiff **Norma S. Babich** sustained blunt force trauma to her head and body, producing severe personal injuries.  Her injuries include, but are not limited to, a concussion with loss of consciousness; a head or brain injury with cognitive impairment; vestibular disturbance; loss of peripheral vision; a neck injury; a low back injury; and multiple lacerations, contusions, and soft tissue injuries.

56.     Plaintiff **Norma S. Babich** remains under the care of physicians for all of the above-listed, and other, injuries.  It is anticipated that **Norma S. Babich** will continue to require, on an ongoing and permanent basis, medical care and attention.

57.     **Norma S. Babich's** ability to work has been impaired and it is anticipated that this impairment will continue over the span of his work life expectancy.

58.     As a result, Plaintiff **Norma S. Babich** is entitled to recover, as his actual damages, the following elements of damages:

        a.      Reasonable and necessary medical and health care-related expenses sustained in the past and which, in reasonable probability, he will sustain in the future;

        b.      Loss or impairment of earnings and/or earning capacity sustained in the past and which, in reasonable probability, he will sustain in the future;

        c.      Other reasonable and necessary expenses sustained in the past and which, in reasonable probability, he will sustain in the future;

        d.      Physical pain and suffering sustained in the past and which, in reasonable probability, he will sustain in the future;

e.   Mental anguish, pain and suffering sustained in the past and which, in reasonable probability, he will sustain in the future;

f.   Physical impairment sustained in the past and which, in reasonable probability, he will sustain in the future;

g.   Loss of enjoyment of life sustained in the past and which, in reasonable probability, he will sustain in the future; and

h.   Physical disfigurement sustained in the past and which, in reasonable probability, he will sustain in the future.

These injuries, damages and losses were brought to occur and were caused by the negligence of defendants.  Although the amount of damages to be awarded for the damages listed above is a matter lying within the sound discretion of the Jury, your plaintiff would show that this amount meets and greatly exceeds this Court's jurisdictional limits.

## PUNITIVE DAMAGES

54.   Plaintiffs hereby re-allege and incorporate by reference each and every preceding paragraph as though fully set forth herein.

55.   Plaintiffs would show that the wrongful conduct of Defendants herein is more than mere accident.  It evidences a degree of reprehensibility that neither the law nor society can or should tolerate.  The harm caused to Plaintiffs was both physical (one person is dead and another severely and permanently disabled) and economic.  Defendants' wrongful conduct here evinces an indifference to or a reckless disregard of the health or safety of Plaintiffs; of others similarly situated; and to the public as a whole.  Defendants' conduct was not the result of an isolated incident; rather, it was the unfortunate but foreseeable result of ongoing and deliberate indifference to the rights, safety and welfare of us all.  Such conduct must be both punished and deterred.  While the enormity of the losses sustained by Plaintiffs is substantial, so is the enormity of Defendants' wrongs.

56.     Whether viewed individually or jointly, Defendants' wrongful conduct herein is of such a nature so as to entitle Plaintiffs to a recovery of Punitive or Exemplary Damages.

57.     The amount of such damages is a matter the is to be determined by the Jury. Plaintiffs would respectfully leave such determination to that finder of fact.

## JURY DEMAND AND PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment as follows:

1.     Special and actual, as well as punitive damages in an amount to be proved at trial and as allowed by law;

2.     Pre-judgment and post-judgment interest as allowed by law;

3.     Costs of court; and

4.     Such other and further relief to which Plaintiffs may be justly entitled.

**A JURY IS DEMANDED AS TO ALL ISSUES HEREIN.**

Respectfully submitted,

*/s/ David J. Jaramillo*
David J. Jaramillo
JARAMILLO LAW FIRM, PC
505 Roma Avenue NW
Albuquerque, NM  87102
Phone:  (505) 200-9454
Fax:  (505) 717-1502
Email: david@djnmlaw.com

and

Richard J. Zalasky, Esq.*
Bar #4768, MO Bar #29537
BROWN & CROUPPEN, P.C.
One Metropolitan Square
211 North Broadway, Suite 1600
St. Louis, Missouri 63102
Telephone: (314) 222-2222
richz@getbc.com
pipleadings@getbc.com

*Pro Hac Vice Pending*

**Attorneys for Plaintiffs**